13-4559-cr
United States v Trudian Simmonds

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 14th day of October, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             PETER W. HALL,
                  *Circuit Judges*.
_____

UNITED STATES OF AMERICA,

                  *Appellee*,

             v.                                    13-4559-cr

TRUDIAN SIMMONDS,

                  *Defendant-Appellant*.
_____

For Defendant-Appellant:    Lisa Peebles, Federal Public Defender (Molly Corbett, Research and Writing Specialist, *on the brief*), Albany, N.Y.

For Appellee:               Paul D. Silver, Assistant United States Attorney for the Northern District of New York (Richard S. Hartunian, United States Attorney, Edward P. Grogan, Assistant United States Attorney of Counsel, *on the brief*), Albany, N.Y.

Appeal from the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the judgment of conviction of said District Court be and it hereby is **AFFIRMED**.

Trudian Simmonds appeals from a judgment entered on November 26, 2013, in the United States District Court for the Northern District of New York (D'Agostino, *J.*), after a jury trial, convicting her of one count of transporting an alien in violation of 8 U.S.C. §1324(a)(1)(A)(ii). On appeal, Simmonds contends that insufficient evidence supports the jury's verdict. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

A defendant seeking to overturn a jury verdict on sufficiency grounds "bears a heavy burden," *United States v. Aguilar*, 585 F.3d 652, 656 (2d Cir. 2009), as we exercise an "exceedingly deferential standard of review," *United States v. Hassan*, 578 F.3d 108, 126 (2d Cir. 2008). We must view the evidence "in a light that is most favorable to the government, and with all reasonable inferences resolved in favor of the government." *United States v. Persico*, 645 F.3d 85, 104 (2d Cir. 2011). In reviewing sufficiency challenges, "we defer to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence." *United States v. Si Lu Tian*, 339 F.3d 143, 150 (2d Cir. 2003) (citation and internal quotation marks omitted).

Contrary to Simmonds's assertions, based on the evidence introduced at trial, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Aguilar*, 585 F.3d at 656 (internal quotation marks omitted). Sufficient direct and circumstantial evidence supports Simmonds's conviction: (1) Simmonds picked up Gayle late at night in the parking lot of a casino near the Canadian border after she witnessed Gayle alight from an all terrain vehicle; (2) Gayle told Simmonds that he had crossed into the United States by boat; (3) a Border Patrol agent testified that crossing at the Massena port of entry added significant time and distance to Simmonds's route to her destination in Springfield, Massachusetts; (4) Border Patrol agents testified that Simmonds knew the location of and retrieved Gayle's passport from a bag in the back seat of her car; and (5) Gayle's testimony contained internal inconsistencies and contradicted some of Simmonds's post arrest statements, particularly with respect to the manner in which Gayle and Simmonds arranged to meet. *See United States v. Gaskin*, 364 F.3d 438, 461 (2d Cir. 2004) (observing element of knowledge "often can be proved only by circumstantial evidence"). Deferring to the jury's assessments of witness credibility, *United States v. Payne*, 591 F.3d 46, 60 (2d Cir. 2010), we reject Simmonds's sufficiency challenge.

Simmonds points to facts in the record that indicate that she was an unwitting victim of circumstance, for example, Gayle testified that Simmonds was surprised to learn that he had crossed into the United States and did not know that he was inadmissible; Simmonds did not conceal Gayle's belongings in her car; and Simmonds cooperated with immigration officials. However, the jury rejected Simmonds's theory that she was an innocent dupe in Gayle's attempt to smuggle himself into the United States. On appeal, the task of this Court is not to re-weigh competing evidence but to determine only whether the totality of the evidence, viewed in the light most favorable to the government, could support a rational jury verdict of guilty. *See United States v. Morgan*, 385 F.3d 196, 204 (2d Cir. 2004). Because we conclude that the evidence supports the jury's verdict, we reject Simmonds's sufficiency challenge.

2

Accordingly, the judgment of conviction imposed by the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk